NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

CHANTELLE L., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, C.W., *Appellees.*

No. 1 CA-JV 16-0016
FILED 6-16-2016

Appeal from the Superior Court in Maricopa County
No. JD28444
The Honorable Lisa Daniel Flores, Judge

**AFFIRMED**

COUNSEL

Stavris Law Firm, PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

---

**B R O W N**, Chief Judge:

¶1            Chantelle L. ("Mother") appeals the juvenile court's order terminating her parental rights to her daughter, C.W.  She challenges the sufficiency of the evidence supporting the termination.  Because we conclude that the court's findings are supported by reasonable evidence, we affirm.

**BACKGROUND**

¶2            The child was born in 2010.[1]  In May 2014, Mother's family approached the child's paternal grandmother ("Sandy"), expressing concern for the child's welfare.  Sandy began caring for the child and then filed a dependency petition alleging the child was neglected because Mother (1) abused drugs; (2) failed to provide the basic necessities of clothing, food, housing, and medical care; and (3) associated with unsafe people and activities.

¶3            After conducting an investigation, the Department of Child Safety ("DCS") substituted in as petitioner at the preliminary protective hearing held in June 2014.  Mother appeared and contested the dependency petition.  Pending the hearing, the court ordered supervised visitation, and the parties agreed DCS would provide the following services to Mother: substance abuse assessment; substance abuse treatment and testing; parent aide services after thirty days of sobriety; and transportation.  Form I, Notice to Parent in Dependency Action, was provided to Mother, and the court advised her of the possible consequences for failing to appear at any future hearings.

¶4            Mother failed to appear for court-ordered mediation, scheduled for August 4, 2014, as well as a pretrial conference held the same day.  Both the DCS case manager, Lisa Mercado, and Mother's counsel reported that they had not had any contact with Mother since the June

---

[1]        The child's biological father died in 2011.

hearing. The juvenile court found the child dependent as to Mother and approved the case plan of family reunification.

¶5         Mother then failed to appear at the report and review/permanency planning hearing in November 2014, and given her failure to participate, the juvenile court approved DCS's request to change the case plan to severance and adoption. DCS then filed a motion to terminate Mother's parental rights on the grounds of abandonment under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(1). The initial severance hearing was scheduled in February 2015, but Mother could not be located and the matter was twice rescheduled until she could be served. Mother then appeared at the initial severance hearing held in April 2015 and contested DCS's motion.

¶6         DCS filed an amended motion for termination to add the ground of nine months' out-of-home placement under A.R.S. § 8-533(B)(8)(a), and the juvenile court scheduled a severance hearing for November 2015. In the months leading up to the hearing, Mother participated in some of the services offered by DCS.

¶7         By the time of the severance hearing, the child had been dependent for nearly eighteen months. At the severance hearing, after hearing testimony from Mercado, Sandy, and Mother, the juvenile court granted the amended motion for termination, finding that DCS proved by clear and convincing evidence the grounds of abandonment and nine months' out-of-home placement. The court also found DCS met its burden of proving termination was in the child's best interests. Mother timely appealed.

**DISCUSSION**

¶8         To justify termination of parental rights, the juvenile court must find at least one statutory ground is supported by clear and convincing evidence. *Linda V. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 76, 78, ¶ 6 (App. 2005). Additionally, the court must find by a preponderance of the evidence that the termination is in the best interests of the child.[2] *Mario*

_____

[2]         Although Mother has not challenged the juvenile court's finding that termination of her parental rights is in the child's best interests, the record supports that conclusion. Among other things, the child has bonded with Sandy, who wishes to adopt and is able to meet all of her needs. Since being in Sandy's care, the child is doing well both academically and behaviorally, and is current with her medical care.

*G. v. Ariz. Dep't of Econ. Sec.*, 227 Ariz. 282, 285, ¶ 11 (App. 2011); A.R.S. § 8-533(B). As the trier of fact, the juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of the witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). Accordingly, we will accept the court's findings of fact "unless no reasonable evidence supports those findings." *Jennifer B. v. Ariz. Dep't of Econ. Sec.*, 189 Ariz. 553, 555 (App. 1997).

¶9 The juvenile court may terminate parental rights if "the parent has abandoned the child." A.R.S. § 8-533(B)(1). "Abandonment" is defined as:

> [T]he failure of a parent to provide reasonable support and to maintain regular contact with the child, including providing normal supervision. Abandonment includes a judicial finding that a parent has made only minimal efforts to support and communicate with the child. Failure to maintain a normal parental relationship with the child without just cause for a period of six months constitutes prima facie evidence of abandonment.

A.R.S. § 8-531(1). A court determines whether abandonment has occurred based on a parent's conduct, not the parent's subjective intent. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 18 (2000). "What constitutes reasonable support, regular contact, and normal supervision varies from case to case." *Id.* at 250, ¶ 20. A court may find abandonment when evidence shows the parent "has made only minimal efforts to support and communicate with the child." *Kenneth B. v. Tina B.*, 226 Ariz. 33, 37, ¶ 18 (App. 2010). Reasonable support may be evidenced by "gifts, clothes, cards, and food," as well as funds contributed to support the child's upbringing. *Id.* at ¶ 20. Additionally, the court should assess "whether the parent has taken steps to establish and strengthen the emotional bonds linking him or her with the child." *Id.* at ¶ 21. The burden to take appropriate steps to act rests with the parent, who should assert his or her legal rights at every opportunity. *Michael J.*, 196 Ariz. at 251, ¶ 25.

¶10 Here, the juvenile court found that DCS "established a *prima facie* case by clear and convincing evidence that, without just cause," Mother abandoned the child "by failing to provide reasonable support for and maintain regular contact with [the child], failing to provide normal supervision and failing to maintain a normal parental relationship with the child for more than six months. Mother failed to rebut the evidence."

¶11          Mother argues that the juvenile court erred because evidence of abandonment is lacking, based on her efforts to engage in services after the initial severance hearing in April 2015 and her attempts to communicate with Sandy. However, Mother's minimal efforts were insufficient to overcome the statutory presumption of abandonment, given Mother's failure to maintain a normal parental relationship with the child for more than six months.

¶12          At the June 2014 dependency hearing, the juvenile court ordered that supervised visitation would be available to Mother but she did very little during the following ten months to exercise her right to visit the child. Despite her awareness of the phone number and address where the child was residing, Mother did not call or stop by the home, or send any letters. Mother was also aware of the contact information for the DCS offices, which did not move or change phone numbers, but she made no effort to contact DCS to request visitation or any of the other reunification services (including transportation) the court had ordered her to participate in and DCS to provide. During those ten months, Mother was not incarcerated nor did she leave the area. Instead, Mother's explanation for failing to maintain contact with DCS and the child was that she was in a "bad place." Additionally, the record reflects that during these proceedings, Mother did not attempt to support the child financially or otherwise support the child's upbringing.[3]

¶13          Given that Mother did not make any reasonable efforts to assert her legal rights to the child, establish and strengthen the emotional bonds, provide reasonable support, maintain regular contact, or provide normal supervision, Mother failed to maintain a normal parental relationship with the child without just cause for a period in excess of six months. Reasonable evidence supports the juvenile court's termination of

---

[3]          As noted by the juvenile court, Mother testified that she sent the child a Christmas gift in December 2014 through a relative, and sent Sandy messages four times on Facebook. However, Sandy denied receiving any gifts from Mother, but acknowledged that Mother's family gave the Child some Christmas gifts. Sandy also testified that although she has a Facebook account, she is "not actively on it" and did not receive any messages. The juvenile court explained that both individuals had reason to be untruthful, but it was "unnecessary to decide whom to believe because even if Mother is correct, these actions would not rebut the evidence of abandonment." We agree with the court's reasoning.

parental rights by clear and convincing evidence that Mother abandoned the child pursuant to A.R.S. §§ 8-531(1) and 8-533(B)(1).[4]

**CONCLUSION**

¶14        For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights.



Ruth A. Willingham · Clerk of the Court
FILED: AA

---

[4]        Because we conclude that reasonable evidence supports termination based on abandonment, we need not address the nine-months' out-of-home placement ground. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 3 (App. 2002) (concluding that if sufficient evidence supports any of the statutory grounds on which the court ordered severance, it is unnecessary to address arguments relating to the other grounds).